UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOSEVELT JOHNSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CV2316 JCH |
| | ) |
| W. L. GORE & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant W. L. Gore & Associates, Inc.'s Motion to Dismiss Plaintiff's Complaint[1], filed September 13, 2019. (ECF No. 7). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Roosevelt Johnson alleges that on or about August 5, 2008, while in federal custody, he suffered substantial and permanent injuries as a result of a design defect in the Gore-tex mesh manufactured by Defendant and implanted in Plaintiff's pelvic region.[2] On August 5, 2013, Plaintiff, through his attorney, Mr. Daniel R. Brown[3], filed a products liability suit against Defendant W. L. Gore & Associates, Inc. in the Circuit Court for the City of St. Louis, Missouri.

---

[1] Although Defendant refers to Plaintiff's pleading as a petition, for ease of reference the Court will employ the term "complaint" used in federal courts.

[2] Plaintiff specifies the timing and details of his alleged injury only in his Response to Defendant's Motion to Dismiss. (*See* Plaintiff Roosevelt Johnson's Response to Defendant's Motion to Dismiss ("Plaintiff's Opp."), P. 1). Nowhere in his forty-two page Complaint does Plaintiff recount the facts leading to his alleged injury. Instead, Plaintiff's Complaint references numerous plaintiffs, most apparently women, who suffered various injuries following their implantation with transvaginal mesh, and implicates different products made by manufacturers other than Defendant. Furthermore, at times in his Complaint Plaintiff refers to himself as female.

[3] Mr. Brown has represented Plaintiff throughout the entirety of these proceedings.

˘- 1 -˘

(*See* Missouri Courts docket sheet, attached to Defendant's motion as Exh. 1).[4] A summons was issued the next day, August 6, 2013. (*Id.*). Plaintiff voluntarily dismissed the suit on September 21, 2015, without ever having served Defendant. (*Id.*).

Through his attorney Plaintiff refiled his suit on September 20, 2016, and a summons was issued on September 21, 2016.[5] (*See* Missouri Courts docket sheet, attached to Defendant's motion as Exh. 2). Plaintiff then waited almost three additional years, until July 8, 2019, to serve Defendant with a copy of the Summons and Complaint. (*Id.*; *see also* Defendant's Notice of Removal, ¶ 2). Thus, nearly six years elapsed from the time Plaintiff first filed suit to the time he served Defendant.

On August 7, 2019, Defendant timely removed Plaintiff's suit to this Court on the basis of diversity jurisdiction. (ECF No. 1). As noted above, Defendant filed the instant Motion to Dismiss on September 13, 2019, claiming Plaintiff's suit must be dismiss for failure to prosecute and failure to state a claim. (ECF No. 7). Because it is dispositive, the Court addresses only the first contention.

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedures provides in relevant part as follows[6]:

> If the plaintiff fails to prosecute….a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)….operates as an adjudication on the merits.

In deciding whether to dismiss under Rule 41(b), the Court must weigh "'the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay' against 'the policy favoring disposition of cases on their merits.'" *Boyle*,

---

[4] Under Eighth Circuit law, the Court "may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (citation omitted). Having examined the docket sheets attached to Defendant's motion, and also having independently accessed the docket sheets on Missouri Case.net, the State of Missouri's online docketing system, the undersigned takes judicial notice of both Plaintiff's state court cases against Defendant.

[5] Alias summonses were issued on December 27, 2017, and April 5, 2019.

[6] In *Boyle v. American Auto Service, Inc.*, the Eighth Circuit Court of Appeals held that Rule 41(b) is the appropriate rule

571 F.3d at 741 (quoting *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (internal quotations and citation omitted)).

With respect to the Court's need to manage its docket and the public interest in the expeditious resolution of litigation, the Court notes that after waiting the full five years allowable under the statute of limitations to file his initial lawsuit in August of 2013, Plaintiff failed to pursue his action in any way prior to dismissing the case voluntarily over two years later. Furthermore, no activity occurred in the present case during the nearly three years that elapsed prior to service and removal.

Turning to the "'conflicting policies' of the risk of prejudice to the defendant[] caused by the delay versus the policy favoring disposition of cases on their merits", *see Boyle*, 571 F.3d at 742 (citation omitted), the Court notes Plaintiff waited nearly eleven years from the time of his alleged injury even to serve Defendant with notice of his claim against it. Plaintiff attempts to justify his delay as follows: "Due to his incarceration, and substantial distance from the Eastern District of Missouri, [Plaintiff] was unable to meaningful (sic) participate in the prosecution of his claim." (Plaintiff's Opp., P. 1). As noted above, however, Plaintiff has been represented by the same counsel throughout these proceedings, and said counsel had every opportunity to effect service on Defendant regardless of Plaintiff's incarceration, but failed to do so.

Upon consideration, the Court finds Plaintiff's implausible justification for his delay to be equivalent to offering no reason at all. Therefore, because Plaintiff has failed to come forth with an excuse for his delay, the Court need not address whether Defendant suffered actual prejudice as a result. *See Boyle*, 571 F.3d at 743 (citing *Nealey*, 662 F.2d at 1281 ("[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice.")). *See also Frihat v. CitiMortgage, Inc.*, 2009

---

to apply in this situation. *See Boyle*, 571 F.3d 734, 742 (8th Cir. 2009).

WL 10705297, at *3 (W.D. Mo. Dec. 1, 2009) (internal quotations and citations omitted) ("Thus, a failure to diligently prosecute an action may be sufficient by itself to justify a dismissal and an unreasonable delay in prosecuting an action creates a presumption of injury to [Defendant's] defenses.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant W. L. Gore & Associates, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice.[7]

Dated this __23rd__ Day of October, 2019.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] In balancing the policy considerations against the competing concern of disposal of cases on the merits, the Court elects to dismiss Plaintiff's suit without prejudice. *See Frihat*, 2009 WL 10705297, at * 3.